IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP., as receiver for Barnes Banking Co., <br><br> Plaintiff, <br><br> vs. <br><br> PHOENIX PHONES and MICHAEL R. NEBEKER, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT <br><br><br> Case No. 1:10-CV-76 TS |

## I. INTRODUCTION

Plaintiff, the Federal Deposit Insurance Corporation (FDIC) moves for summary judgment against Defendants Phoenix Phones (Phoenix) and Michael R. Nebeker (Nebeker). Defendants have filed no opposition. The Court grants summary judgment.

## II. SUMMARY JUDGMENT STANDARD

As the Tenth Circuit has explained:

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is genuine "if there is sufficient

1

evidence so that a rational trier of fact could resolve the issue either way." A fact is material "if under the substantive law it is essential to the proper disposition of the claim."[1]

If, as in the present case, "the nonmoving party fails to respond," the court "may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate, for '"no defense to an insufficient showing is required.'"[2]

### III. FINDINGS OF UNDISPUTED FACTS

This case was removed from state court on May 14, 2010. There was some question regarding the content of record on removal,[3] which was resolved with the filing of the notice of the state court docket on March 31, 2011.[4] Plaintiff has submitted a detailed statement of material facts as to which it contends no genuine dispute of facts exist. Defendant has submitted nothing to controvert those facts. Thus, they are established for the purpose of this Motion. Those facts, quoted from movant's statement of facts[5] are as

---

[1] *Crowe v. ADT Sec. Services, Inc.*, __ F.3d __, ___ 2011 WL 1532536, at *3 (10th Cir. 2011) (quoting Fed.R.Civ.P. 56(a); *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)). .

[2] *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970) (alternation omitted)).

[3] *See* Docket Nos. 14 and 16.

[4] Docket No. 23.

[5] Docket No. 18, at 2-7; *See* DuCivR 56(c) (providing that "[a]ll material facts of record meeting the requirements of Fed. R. Civ. P. 56 that are set forth with particularity in the statement of the movant will be deemed admitted for the purpose of summary judgment, unless specifically controverted by the statement of the opposing party

follows:

On or about December 30, 2002, Barnes Bank made a loan to Phoenix, in the original principal amount of $2,278,861 (the Loan). As part of the Loan, Phoenix executed and delivered to Barnes Bank a Promissory Note, dated December 30, 2002, in the original note amount of $2,278,861 (the Note), in which Phoenix promised repayment of the Loan, including all principal, accrued interest, collection costs, and late charges.

Phoenix subsequently executed and delivered to Barnes Bank eight Change in Terms Agreements (Change Agreements) relating to the Note, which extended the maturity date upon which the entire indebtedness under the Loan and Note was due, ultimately and finally to December 27, 2006 (Maturity).

Nebeker executed and delivered to Barnes Bank nine Commercial Guaranties (Guaranties) guaranteeing "payment of the Note" and "full and punctual payment and satisfaction of the Indebtedness of [Phoenix], and the performance and discharge of all [Phoenix's] obligations under the Note and Related Documents."[6]

Pursuant to the Note, and prior to any default, interest accrued on the principal amount of the Loan at a variable rate equal to the New York Prime Rate published in the Wall Street Journal plus 2.00% per annum, adjusted not more often than each day (the "Note Rate").

Throughout the course of the Loan, several payments were made and interest

---

identifying material facts of record meeting the requirements of Fed. R. Civ. P. 56").

[6] Docket No. 18, Garner Aff., Ex. C.

accrued at the Note Rate. The Stock collateral was sold, and on September 14, 2004 proceeds in the amount of $800.00 and $40,553.02 were applied, as a late charge and interest payment respectively, to the Loan, which had an unpaid principal balance of $2,159,215.75. The remaining proceeds from the sale of the Stock collateral, in the amount of $1,034,172.86, were applied to the Second Loan.

The Box Elder County Property collateral was sold, and on October 31, 2005 proceeds from the sale in the amount of $200,714.96 were applied to the Loan, reducing the unpaid principal balance to $1,958,500.79.

The Davis County Property collateral was sold, and on September 26, 2006 proceeds from the sale in the amount of $594,941.30 were applied to the Loan, reducing the unpaid principal balance to $1,363,559.49.

On December 12, 2006, a principal advance in the amount of $72,372.05 was taken on the Loan, which increased the principal balance to $1,435,931.54 (the "Unpaid Principal Balance").

Pursuant to and following the sale of the Davis County and Box Elder County Properties, Trust Deed #1 and Trust Deed #2 were reconveyed. Pursuant to the Note and Change Agreements, interest on the unpaid principal balance of the Loan accrued at the Note Rate of 6.00% until the final Maturity date of December 27, 2006.

The total amount of unpaid non-default interest that accrued on the principal balance of the Loan at the Note Rate until the final Maturity date of December 27, 2006, is $270,954.70.

On the December 27, 2006 final Maturity date, Defendants Phoenix and Nebeker

did not pay to Barnes Bank all or any of the total indebtedness then due and owing under the Note, Loan and Loan Documents, which included the unpaid principal balance in the amount of $1,435,931.54 and the Unpaid Note Rate Interest in the amount of $270,954.70.

Barnes Bank sent regular Loan statements to Phoenix throughout the course of the Loan. Phoenix and Nebeker have not made any payments on the Loan since the December 27, 2006 final Maturity date.

As a result of the sale of the Box Elder Property, the Davis County Property and the Stock, Barnes Bank's security interest in the collateral has been exhausted.

Pursuant to the Note and Loan Documents, the Note and Loan are in default if Defendants fail to make any payment when due, including for outstanding unpaid principal balance, accrued interest, unpaid collection costs, and any late charges.

Barnes Bank has notified Phoenix and Nebeker of their defaults under the Note and Loan Documents and that Barnes Bank demands payment, but Phoenix and Nebeker have not cured their defaults and have not paid the entire indebtedness due under the Note and Loan.

Pursuant to the Note and Change Agreements, upon any default in payment of the Loan, Defendants agreed to pay interest on the entire unpaid principal balance at a rate of 18.00% per annum. Since the December 27, 2006 final Maturity date, when the total indebtedness due on the Loan was not paid in full, interest has been accruing on the Loan at the default rate of 18.00% per annum.

From December 27, 2006 through August 5, 2009, the total amount of unpaid default rate interest that has accrued on the Unpaid Principal Balance is $1,144,444.10

(1594 days at $717.97 per diem).

As of May 9, 2011, the entire unpaid indebtedness under the Loan totals $2,851,330.03, which includes the Unpaid Principal Balance in the amount of $1,435,931.54, the Unpaid Note Rate Interest (through final maturity date of 12/27/06) in the amount of $270,954.70, and the Unpaid Default Interest in the current amount of $1,144,444.10 (the Default Rate of 18% per annum from 12/27/06 through 5/9/11 or 1594 days at $717.97 per diem), for a total of $2,851,330.30. After entry of judgment, the federal post-judgment interest rate shall apply.[7]

Further, pursuant to the Note, Change Agreements, Guaranties, and Loan Documents, upon any default thereunder, Barnes Bank is entitled to recover its reasonable attorney's fees and costs incurred.

## IV. CONCLUSIONS AND ORDER

Plaintiff has shown that there are no genuine disputes of fact and on the undisputed facts that it is entitled to judgment as a matter of law on the defaulted note. Plaintiff has shown that the liability on the notes is joint and several. Plaintiff has also shown that it is entitled to past interest and reasonable attorney fees and costs.

Accordingly, the Court grants Plaintiff's Motion for Summary Judgment and judgment will enter against Defendants, jointly and severally, for the amounts due and owing on the Loan totaling $2,851,330.30, plus Plaintiffs attorney's fees and costs incurred.

It is therefore

---

[7] 28 U.S.C. § 1961.

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 17) is GRANTED and judgment shall enter in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $2,851,330.30, plus reasonable attorneys' fees and costs.

DATED   May 9, 2011.

BY THE COURT:

_____
TED STEWART
Chief United States District Judge